## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————————  )
                                            )
TUNICA-BILOXI TRIBE                         )
OF LOUISIANA,                               )
                                            )
    Plaintiff,               )
                                            )
    v.                       )      Civil Action No. 04-1516 (RBW)
                                            )
WARBURTON/BUTTNER,                          )
                                            )
    Defendant.               )
                                            )
———————————————————————  )

## MEMORANDUM OPINION

    The plaintiff brings this action seeking, among other relief, an injunction prohibiting the

defendant from continuing to litigate a breach of contract claim against the plaintiff in the

Superior Court of the State of California for the County of San Diego ("the California action").

Complaint for Equitable and Declaratory Relief ("Compl.") ¶ 1.  The plaintiff posits that such

injunctive relief is warranted because the issues raised in the California action are within the

exclusive purview of the Indian Gaming Regulatory Act ("IGRA"), 25 U.S.C. § 2701 et seq.,

"which completely preempts all matters arising within, or collateral to, the issuance of approval

of gaming management contracts," and thus the defendant cannot pursue its claims in the

California Superior Court.  Compl. ¶ 1 & at 15.  Currently before the Court is the Motion by

Defendant Warburton/Buttner to Dismiss, or, in the Alterative, to Transfer ("Def.'s Mot.") and

the Memorandum of Points and Authorities in Support of Defendant Warburton/Buttner's

Motion to Dismiss ("Def.'s Mem."); the Plaintiff's Opposition to Motion by Defendant

Warburton/Buttner to Dismiss, or in the Alternative, to Transfer ("Pl.'s Opp'n"); and the Reply

of Defendant Warburton/Buttner in Support of Motion to Dismiss, or in the Alternative, to

Transfer ("Def.'s Reply").  For the reasons set forth below, this Court grants the defendant's

motion to dismiss.[1]

## I.    Background

The parties, in their papers submitted to the Court, provide an exhaustive overview of the

factual underpinnings of this case, and in particular the ongoing litigation in the California

action.  This Court, however, will only briefly review the relevant facts to the extent necessary to

resolve the defendant's motion.[2]

Warburton/Buttner, a California limited partnership with its principal place of business in

San Diego, California, filed an action in the Superior Court of the State of California for the

County of San Diego on August 24, 2001,[3] against the Tunica-Biloxi Tribe of Louisiana

("Tunica-Biloxi"),[4] among others.  Compl., Ex. II.  Warburton/Buttner, which engages in

"developing commercial real-estate, including planning, governmental relationships, construction

and property management," compl. ¶ 3, alleged that the Tunica-Biloxi breached an October 4,

1999 agreement between Warburton/Buttner and the Tunica-Biloxi concerning eight gaming

management opportunities.  Compl. ¶ 14; Ex. I at 16; Ex. II at 2-3.  A "gaming management

opportunity" is a project which involves the planning, financing, construction, and operation of

---

[1]  Also before the Court is the Plaintiff's Motion for Partial Summary Judgment and the defendant's opposition thereto.  Because this Court is granting the defendant's dismissal motion, the plaintiff's summary judgment motion is now moot and therefore will be denied.

[2]  In particular, the Court finds it unnecessary to discuss at length the facts surrounding the California action and the legal arguments presented in that case.

[3]  A supplemental complaint was filed on January 29, 2003.  Compl., Ex. III.

[4]  The Tunica-Biloxi Tribe of Louisiana has been recognized by the United States as a sovereign Indian Nation.  Compl. ¶ 2.

gaming casinos and related facilities.  Def.'s Mem. at 4.  The California litigation has been

extensive and is ongoing.  Compl. ¶¶ 14-15.

On September 1, 2004, the Tunica-Biloxi filed the action currently pending before this

Court against Warburton/Buttner.  In its complaint, the plaintiff opines that the October 4, 1999

agreement, which is the basis of the California breach of contract action, requires the

interpretation and application of the IGRA.  Compl. ¶ 17.  Specifically, the plaintiff contends that

under the IGRA, the October 4, 1999 agreement is unenforceable because it was not approved by

the National Indian Gaming Commission pursuant to the IGRA, and thus the California claims

are without merit.  Compl. ¶ 17(a)-(b).  The plaintiff concludes that because the IGRA preempts

state law, the California action is "completely preempted by provisions of the [IGRA], and

regulations promulgated thereunder."  Compl. at 15.  Accordingly, the plaintiff seeks to enjoin

the defendant from further prosecuting the California action.

## II.    Analysis

The defendant seeks dismissal of this action pursuant to the doctrine of equitable

restraint[5] established by the Supreme Court in Younger v. Harris, 401 U.S. 37 (1971).[6]  Def.'s

Mot. at 1.  "[T]he doctrine of Younger v. Harris . . . and its progeny restrains federal courts from

---

[5]  The defendant seeks dismissal pursuant to the Younger abstention doctrine.  Def.'s Mem. at 9.  However, the District of Columbia Circuit has noted that the doctrine enunciated in Younger v. Harris is more properly referred to as the doctrine of equitable restraint.  Bridges v. Kelly, 84 F.3d 470, 475 n.7 (D.C. Cir. 1996).

[6]  The defendant posits that this case should also be dismissed for lack of subject matter jurisdiction and lack of personal jurisdiction, or transferred to another judicial district on venue grounds.  Def.'s Mot. at 1.  Because this Court concludes that the Younger doctrine mandates dismissal of this action, the Court need not examine the defendant's remaining arguments for dismissal and transfer.

interfering in ongoing state judicial proceedings."[7]  District Props. Assocs. v. District of Columbia, 743 F.2d 21, 27 (D.C. Cir. 1984).  "[B]ecause of 'the virtually unflagging obligation of the federal courts to exercise jurisdiction given them,' the appropriateness of restraining 'from the exercise of federal jurisdiction is the exception, not the rule.'"  Bridges v. Kelly, 84 F.3d 470, 475 (D.C. Cir. 1996) (internal citations omitted).  Accordingly, "the Supreme Court has made clear that the Younger doctrine must be applied in accordance with 'the rule that only exceptional circumstances justify a federal court's refusal to decide a case in deference to the States.'"  Id. at 476 (quoting New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans, 491 U.S. 350, 368 (1989)).  Thus, in applying the Younger doctrine, a court must employ "a rigid three-prong test":

> first, a federal court may dismiss a federal claim only when there are ongoing state proceedings that are judicial in nature; second, the state proceedings must implicate important state interests; third, the proceedings must afford an adequate opportunity in which to raise the federal claims.

Hoai v. Sun Ref. & Mktg. Co., 866 F.2d 1515, 1518 (D.C. Cir. 1989) (citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).  In addition, the District of Columbia Circuit has instructed that in determining whether Younger mandates application of the doctrine of equitable restraint, a court must also determine whether the "federal action will 'unduly interfere with' the" state court action.  Hoai, 866 F.2d at 1519 (citing Younger, 401 U.S. at 44).  However, the District of Columbia Circuit has noted that when "extraordinary

---

[7]  In Younger, the plaintiff had been charged in state court with violating the California Criminal Syndication Act ("Act").  401 U.S. at 38-39.  After this charge was initiated, Younger filed a complaint in federal district court challenging the constitutionality of the Act on its face and his prosecution thereunder.  Id. at 39.  A three-judge district court found the statute unconstitutional.  Id.  The Supreme Court, however, reversed, concluding that federal courts should not enjoin pending state criminal proceedings absent extraordinary circumstances.  Id. at 53-54.  The Supreme Court extended the reach of the Younger doctrine to civil cases in Juidice v. Vail, 430 U.S. 327, 338 (1977) and Huffman v. Pursue, Ltd., 420 U.S. 592, 604 (1975).

circumstances" exist, a court should not be restrained from interfering with a state court proceeding.  JMM Corp. v. District of Columbia, 378 F.3d 1117, 1121 (D.C. Cir. 2004).  Such extraordinary circumstances exist, for example, "where 'the pending state action was brought in bad faith or for the purpose of harassing' the . . . plaintiff, or 'where a state statute is flagrantly and patently' unconstitutional."  Id. at 1127 (quoting Trainor v. Hernandez, 431 U.S. 434, 446-47 (1977)).

The District of Columbia Circuit recently applied the Younger doctrine in JMM Corp. 378 F.3d at 1117.   In that case, the District of Columbia Department of Consumer and Regulatory Affairs ("DCRA") commenced the first of three administrative enforcement actions against JMM, an operator of an adult video store.  378 F.3d at 1118.  In each of those proceedings, an Administrative Law Judge ("ALJ") ultimately ruled in favor of the DCRA, imposed fines, and ordered JMM to cease operations until it complied with various zoning requirements.  Id. at 1119.  Under the District of Columbia Code, JMM could appeal the ALJ's ruling to the District of Columbia Board of Appeals and Review, and then to the District of Columbia Court of Appeals.  Id.  JMM appealed the latter two rulings by the ALJ.  Despite the ongoing litigation at the agency level, and the pending administrative appeals, JMM filed an action against the District of Columbia and the DCRA in this Court alleging that the District's zoning regulations violated the First, Fifth and Fourteenth Amendments to the United States Constitution.  Id. at 1120.  In addition, JMM sought a preliminary injunction barring all enforcement actions against it.  Id.  The District Court denied JMM's motion for a preliminary injunction pursuant to Younger.  Id.

On appeal, the District of Columbia Circuit affirmed the District Court's ruling.  Id. at

1128.  The Circuit Court noted that application of <u>Younger</u> in that case was "straightforward and breaks no new ground."  <u>Id.</u> at 1125.  First, the Court found that the proceedings initiated by the District of Columbia had commenced "'before any proceedings of substance on the merits [had] taken place in the federal court.'"  <u>Id.</u> at 1126 (quoting <u>Haw. Hous. Auth. v. Midkiff</u>, 467 U.S. 229, 238 (1984)).   In addition, the Circuit Court noted that JMM "will have the opportunity to assert all of its constitutional claims as defenses in the Superior Court action."  <u>Id.</u> at 1127.  Specifically, the Court noted that the defendant can "appeal an adverse decision to the District of Columbia Court of Appeals, and if still dissatisfied seek review in the United States Supreme Court."  <u>Id.</u> at 1121 (internal footnotes omitted).  Finally, the Circuit Court noted that there were no "extraordinary circumstances" warranting the type of equitable relief requested by JMM.  <u>Id.</u> at 1128.  Accordingly, the Circuit Court affirmed the District Court's dismissal of JMM's action under the <u>Younger</u> doctrine.  <u>Id.</u>

Applying the <u>Younger</u> doctrine here, it is clear that the present action must be dismissed. First, there is an ongoing judicial proceeding in the California, which commenced in August 2001, well before the proceedings were commenced in this Court in September 2004. <u>See</u> Compl. ¶¶ 14-15.

Second, the proceedings in California clearly implicate an important state interest.  The claims raised in that action—breach of contract, fraud, and negligent misrepresentation —concern the application of California common law.  <u>See</u> Compl. ¶¶ 17-27.  In fact, the October 4, 1999 agreement, which is at issue in the California litigation, specifically states that California law should control.  Compl., Ex. 1 ¶ 7.  The interpretation and application of California common law are clearly important state interests.  <u>See, e.g.</u>, <u>R.R. Comm'n of Tex. v. Pullman Co.</u>, 312

U.S. 496, 499-500 (1941) (concluding that the "last word" on the interpretation of state law is that state's highest court).  Furthermore, California courts are better qualified than a court in the District of Columbia to interpret California common law.  Moreover, if this Court were to grant the relief requested by the plaintiff, there is no doubt that it would be interfering with the California proceeding because the relief afforded would prohibit that action from going forward.

Additionally, the proceedings in the California action clearly provide "an adequate opportunity in which to raise the federal claims."  Hoai, 866 F.2d at 1518.  First, the Tunica-Biloxi can assert its federal claim, i.e., preemption, as a defense in the California action.  See JMM Corp., 378 F.3d at 1121; see also Gaming Corp. of Am. v. Dorsey & Whitney, 88 F.3d 536, 542-43 (8th Cir. 1996) (discussing IGRA's preemption of state law).  California state courts are well within their authority to make such preemption determinations.  See generally Am. Vantage Co. v. Table Mountain Rancheria, 126 Cal. Rptr. 2d 849, 851 (Cal. Ct. App. 2002) (recognizing that the IGRA "completely preempts state law"); Great W. Casions, Inc. v. MorongoBand of Mission Indians, 88 Cal. Rptr. 2d 828, 840-41 (Cal. Ct. App. 1999) (same).  Moreover, if the plaintiff believes that Warburton/Buttner's claims in the California action are "[c]omplete[ly] preempted" by federal law, the appropriate course of action is to seek removal of the action to the appropriate federal district court in California.  See 42 U.S.C. § 1441; Gaming Corp of Am., 88 F.3d at 542-43.  Furthermore, if the plaintiff is dissatisfied with the decision of the California Superior Court and the treatment of its federal claims, they can appeal to the California Court of Appeals, the California Supreme Court, and then ultimately file a petition for review in the United States Supreme Court.  JMM Corp., 378 F.3d at 1121.  Based on the foregoing, the plaintiff has had, and still has, an "an adequate opportunity in which to raise the federal claims."

Hoai, 866 F.2d at 1518.

Finally, the plaintiff makes no assertion that the proceedings in California were brought in "bad faith or for the purpose of harassing" the plaintiff or that the legal proceedings in California are "flagrantly and patently unconstitutional."  JMM Corp., 378 F.3d at 1127.  And there has been no evidence presented to the Court to indicate that such is the case.  Accordingly, the Younger doctrine mandates dismissal of this action.[8]

SO ORDERED this day of 20th day of July, 2005.[9]


REGGIE B. WALTON
United States District Judge

---

[8] The plaintiff relies on two cases to support its position that the Younger doctrine is not applicable here. Neither case, however, supports its position.  First, the plaintiff relies on Sycuan Mission Indians v. Roache, 788 F. Supp. 1498 (S.D. Cal. 1992) for the proposition that this Court should enter an injunction prohibiting the California action from proceeding.  Pl.'s Opp'n at 18-19. Sycuan is simply inapposite.  Sycuan involves a state prosecution of individuals for state gaming violations in direct and clear violation of the IGRA which "state[s] that the state courts are without jurisidction to criminally prosecute individuals for alleged violations of gamming laws made applicable under the IGRA." 788 F. Supp. at 1512-13.  Here, nothing in the IGRA prohibits the state court in California from determining whether it is preempted from acting.  Rather, as already discussed, a state court can determine its own jurisdiction.  The plaintiff's reliance on Gaming Corp. of Am. is also misplaced, as that case does not apply the Younger doctrine, rather it deals solely with the doctrine of preemption.

[9] An Order consistent with the Court's ruling accompanies this Memorandum Opinion.